**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VALERO ENERGY CORP., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06 C 6730 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Petitioner Valero Energy Corp. has filed a motion which it denominates as a motion to alter or amend under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The motion takes issue with various aspects of this Court's memorandum opinion and order dated August 1, 2008, in which the Court granted in part and denied in part the motion for a further order of enforcement of an IRS summons filed by respondent, the United States government.

First of all, the Court has not yet entered a judgment in the case, largely because the Court was unsure whether it had disposed of the case in its entirety. That is why, in the final sentence of the August 1 decision, the Court directed counsel to appear for a status hearing "to discuss what issues remain for determination prior to disposition of this case." Aug. 1, 2008 Mem. Op. at 37. For this reason, Valero's motion is not, technically speaking, either a motion under Rule 59(e) or one under Rule 60(b), as the

predicate for each of those types of motion is prior entry of a judgment (Rule 59(e) provides for altering or amending a judgment, and Rule 60(b) provides for vacating a judgment). Rather, Valero's motion is simply what would commonly be called a motion for reconsideration.

In the first numbered paragraph of its motion, Valero points out three apparent clerical errors in the Court's decision. Valero Motion ¶¶ 1a-c; *see also id.* Section B. These errors (and that is what they are) are an appropriate basis for reconsideration. The Court is issuing, on today's date, a corrected memorandum opinion and order rectifying each of these errors and therefore grants Valero's motion to that limited extent.

That aside, however, Valero's motion is not, by any stretch of the imagination, a proper motion for reconsideration. Reconsideration of a ruling is appropriate only in limited situations, namely, when the court has made a decision outside the adversarial issues the parties presented; the court has misunderstood the evidence or arguments; there has been an intervening change in the law; or when a party has newly discovered evidence unavailable when the matter was initially briefed. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *see also, Caisse Nationale de Credit Agricole v. CBI Inds., Inc.,* 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Though the Seventh Circuit has said that a motion for reconsideration may be used to correct "manifest errors of law or fact," *Caisse Nationale*, 90 F.3d at 1269, exactly what that means is appropriately determined by reference to the context in which the court said it. In the same discussion, the Seventh Circuit made it clear that "[r]econsideration is not an appropriate forum for rehashing previously rejected

2

arguments or arguing matters that could have been heard during the pendency of the previous motion" and that "[b]elated factual or legal attacks are viewed with great suspicion . . . ." *Id.*

The bottom line is that a request for reconsideration is not a proper substitute for an appeal. *Del Carmen v. Emerson Electric Co.*, 908 F.2d 158, 161 (7th Cir. 1990). In other words, it is not the appropriate mechanism for a party to express its disagreement, no matter how vehement, with a court's ruling. Nor is a motion for reconsideration an appropriate way for a party to "undo its own procedural failures [or] to introduce new evidence or advance arguments that could have been or should have been presented to the District Court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Contrary to these well-established propositions, Valero's motion, aside from pointing out the handful of clerical errors referenced above, amounts to a plea for a do-over, both of its own earlier briefing and of the Court's decision making. That is not how litigation works. A party must bring out its artillery before the Court rules; it cannot hold back and expect a second chance after an adverse ruling.

With these standards in mind, the Court addresses, briefly, the points Valero makes in its motion.

In section C of its motion, Valero argues that, contrary to the Court's ruling, certain documents contain privileged tax advice that Arthur Andersen & Co. gave to Valero. Specifically, Valero argues that although "the Court held that [these] documents were strictly internal to Anderson and, therefore, were not privileged . . . upon information and belief, the following documents do, in fact contain tax advice

3

given to Valero by Andersen." Valero Mot. ¶ C. This argument is frivolous. In its second supplemental privilege log, Valero identified no recipient of any of these documents other than Andersen personnel. The Court has again examined each of the documents mentioned and has confirmed the accuracy of Valero's privilege log in this regard – which, in turn, undermines Valero's argument on reconsideration. None of these documents contains or reflects communications by or to Andersen's client. The Court thus correctly determined them to be non-privileged.

Section D of Valero's motion concerns the Court's determinations that a number of documents that Valero had identified as responsive to the IRS summons involved matters other than United States tax advice (i.e., business or accounting advice or state tax advice) and thus could not be withheld under the tax practitioner privilege. Valero now argues, in substance, that based on the Court's ruling, none of these documents were actually responsive to the summons in the first place. The Court has again combed Valero's materials submitted in response to the government's motion to enforce in search of some indication that these particular documents were non-responsive to the summons. It has found no such statement or argument. To the contrary, Valero specifically stated in its response that it had segregated documents containing only accounting advice from those containing tax advice. *See* Valero Resp. to U.S. Mot. for Further Order of Enforcement at 5 ("The Summons does not seek documents containing business or accounting advice. Such documents are not responsive. . . . Based on the wording of the Summons, documents containing accounting advice have not been produced because they are non-responsive."). It said nothing about documents concerning state tax advice.

4

It is far too late in the day for Valero now to claim that documents that it identified, either explicitly or implicitly, as responsive but privileged should not have been identified as responsive at all. A motion for reconsideration is not an opportunity for a party to plug gaps in its earlier briefing. The Court was entitled to infer that the documents that Valero identified were, in fact, responsive to the subpoena.[1] The point has been forfeited and may not be raised on reconsideration.

Section E of Valero's motion is a seven-page argument attacking the Court's construction of the term "promotion" in 26 U.S.C. § 7525(b). This argument consists entirely of two elements not properly argued on reconsideration: a rehash of points that Valero made before and the Court rejected, and new points that Valero had the opportunity to make before but did not make. The Court overrules Valero's objections as outside the scope of a proper motion for reconsideration.

The Court acknowledges that one of the points mentioned in its ruling was an argument the government made in its reply brief -- specifically, that the provisions of Internal Revenue Code section 6700 supported the government's construction of the term "promotion" in section 7525(b). *See* Aug. 1, 2008 Mem. Op. at 32-33. But there was nothing improper in the government's assertion of this argument in its reply; it was a legitimate response to Valero's arguments concerning construction of section 7525(b). In any event, the Court's reference to section 6700 was not critical to the outcome in the case: the Court expressed its agreement with the government's

---

[1] The Court notes that it sustained Valero's argument that certain other documents that it had withheld as non-responsive did not have to be produced or identified. *See* Aug. 1, 2008 Mem. Op. at 35.

5

alternative argument that even if Andersen itself did not "promote" the step plan at issue in the case, it provided input "in connection" with Ernst & Young's promotion of the plan. Section 7525(b) does not, by its terms, require a communication to be made by or to the "promoter" of a tax shelter; rather it requires only that the communication be "*in connection with the promotion* of . . . participation . . . in any tax shelter." 26 U.S.C. § 7525(b). Andersen's communications that the Court ruled to be covered by this exception to the tax practitioner privilege met this requirement.

The next section of Valero's motion, section F, is a thirteen-page attempt to re-explain the transactions the Court assessed in determining whether the government had met its burden of showing a foundation in fact that the they involved a tax shelter. Valero's motion is accompanied by a brand new thirteen-page affidavit by Wyatt Stripling to provide support for Valero's argument. To the extent that Valero is simply repeating points it made in its earlier presentation, the Court has already considered and rejected them. To the extent that Valero now seeks to expand on its earlier arguments and/or provide more detail regarding its version of the transactions, the time to do that was as part of its earlier briefing before the Court ruled, not after the fact in a motion for reconsideration. As this Court's colleague, the Honorable Milton Shadur, was the first to say, "this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Inds., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Section H, the final part of Valero's motion (there is no section G), is particularly galling. In this section, Valero addresses the Court's determination that a number of documents were subject to the tax shelter exception to the tax practitioner privilege and

6

had to be produced.  *See* Aug. 1, 2008 Mem. Op. at 34.   The Court determined that some thirty-four documents (most of them multi-paged) had to be produced for this reason.  In Section H of its motion, Valero argues that twenty-one of these documents had nothing to do with the alleged tax shelter at all and thus are not subject to the statutory exception.  In other words, Valero says that even if the Court correctly rejected, and correctly rejects again, all of its arguments, sixty percent of the documents at issue in this regard should not have to be produced anyway.

The Court has searched for some hint of this position in Valero's earlier submissions.  This effort was in vain; the argument is brand spanking new.  To the extent that Valero arguably might have a point, the argument was long ago forfeited – and Valero's lawyers, who come from large and respected law firms (Fulbright & Jaworski LLP, Mayer Brown LLP, and Oppenheimer, Blend, Harrison & Tate, Inc.) had to have known that before including this argument in the motion for reconsideration.

The Court also notes that from a strategic or tactical standpoint, it might have been been a good idea to advise the Court, somewhere in Valero's earlier brief or supporting materials, that only thirteen documents were potentially subject to production based on the claim (the tax shelter exception) that has been the primary bone of contention during this litigation – rather than, in essence, dumping several hundred documents on the Court's doorstep and leaving it to the Court to sort things out on its own.  Having made its own bed, Valero must now sleep in it.

## Conclusion

For the reasons stated above, the Court grants Valero's motion for

7

reconsideration in part and denies it in part [docket no. 62].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 26, 2008